**CHRISTENSEN JAMES & MARTIN, CHTD.**
Daryl E. Martin, Esq. (6735)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: dem@cjmlv.com
*Attorneys for Defendant Unite Here Health*

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * * * *

GARY FULLER,

Plaintiff,

vs.

HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, CULINARY HEALTH FUND; DOES I through X, inclusive; and ROES II through X, inclusive,

Defendants.

**CASE NO.:**

**UNITE HERE HEALTH'S NOTICE OF REMOVAL**

To: The Honorable Judges of the United States District Court for the District of Nevada

Defendant UNITE HERE HEALTH ("UHH") also known as Culinary Health Fund, and formerly known as Hotel Employees and Restaurant Employees International Union Welfare Fund, acting by and through its attorneys, Christensen James & Martin, does hereby give notice of its desire to exercise its rights under the provisions of Title 28 U.S.C. §§ 1331, *et seq.*, and does hereby remove this action from Department 32 of the Eighth Judicial District Court in and for Clark County, Nevada, in which said action is now pending under Case No. A-20-815949-C, to the United States District Court for the District of Nevada, and for grounds in support hereof, while reserving the right to challenge the sufficiency of service of process and to assert all procedural and substantive challenges, states as follows:

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

1. Case No. A-20-815949-C was commenced by the filing of a Complaint naming UNITE HERE HEALTH ("UHH") (using its former name, Hotel Employees and Restaurant Employees International Union Welfare Fund) as a Defendant on June 2, 2020.

2. UHH received a copy of the Summons and Complaint on July 6, 2020.

3. Exhibit "A" attached hereto consists of true and correct copies of the state court pleadings presently possessed by UHH, including the Summons and the Complaint from Case No. A-20-815949-C. Consistent with applicable rules, UHH will obtain and will promptly file with this Court copies of all other pleadings on file with the state court.

4. In connection with the single cause of action for declaratory relief stated in the Complaint, Plaintiff has averred: that UHH paid $113,736.73 in medical claims for Plaintiff, at least a portion of which related to injuries allegedly caused by a third party; that Plaintiff received a tort recovery or settlement in an undisclosed amount from the alleged third-party tortfeasor(s) or from the insurers of the tortfeasor(s); and that UHH claims a right to be reimbursed the sum of $113,736.73 from the tort recovery monies that the Plaintiff has received.

5. Based on the information found in the Complaint, information found in a written Repayment Agreement dated May 24, 2016 that was executed both by Plaintiff and by his current legal counsel, Steven Burris, requesting that UHH pay medical claims related to injuries suffered by Plaintiff on or about December 6, 2015, and based on UHH's own internal records, UHH has determined that the Plaintiff received $113,736.73 in accident benefits under UHH's welfare plan. Consistent with the terms of the employee benefit plan administered by UHH, and with the terms of the Repayment Agreement executed on May 24, 2016, UHH paid medical expenses in the total sum of $113,736.73 for the Plaintiff relating to the same injuries for which the Plaintiff was compensated by the third-parties who Plaintiff alleged were responsible for his injuries, or from their insurers.

6. In the Complaint, Plaintiff contends that UHH's right to be reimbursed from the settlement monies must be limited in accordance with the State of Nevada's "loss of a chance"

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

doctrine. In contrast, UHH believes that as a self-funded employee benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. §1001 et seq.] ("ERISA"), UHH's ERISA plan document and the Repayment Agreement signed by Plaintiff and his attorney govern all aspects of this dispute, to the exclusion of "any and all State laws," which laws are expressly preempted by ERISA pursuant to 29 U.S.C. § 1144(a). *See, e.g., Kimmel Carter Roman Peltz & O'Neill, P.A. v. Costco Employee Benefits Program*, 2020 WL 639646, 2020 Employee Benefits Cas. 49,165 (W.D. Wash. 2020) (ruling that ERISA preempted a declaratory relief claim seeking judicial declaration that the reimbursement terms of ERISA-governed benefit Plan and its reimbursement agreement were void for allegedly conflicting with Delaware law and public policy).

7. This Case is removable to the District Courts of the United States pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) under which United States District Courts "…have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's claim against UHH relates to monies owed by Plaintiff or others to UHH. UHH is a Taft-Hartley Employee Benefit Trust Fund whose affairs are governed by ERISA. Plaintiff's claim against UHH requires the interpretation of UHH's ERISA Plan Document, which presents a federal question under § 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)(B)(ii)] which statute authorizes benefit plans, like the one administered by UHH, "to obtain...appropriate equitable relief...to enforce...the terms of the plan." *See Manufacturers Life Ins. Co. v. East Bay Restaurant and Tavern Retirement*, 57 F.Supp.2d 921 (N.D.Cal.,1999) (ERISA plan regulation is exclusively a federal concern); and see *Parker v. Ross*, 147 F.Supp.2d 1376 (M.D. Ga. 2001) (granting summary judgment to ERISA Plan pursuant to the terms of its Plan Document in a lien adjudication proceeding after removal from state court).

8. Under 29 U.S.C. § 1132(e)(1), the United States District Court is the only court that may properly adjudicate all claims and issues raised by the Complaint because the courts of the State of Nevada lack jurisdiction over the claim asserted by Plaintiff and also over UHH's claimed right to be reimbursed using the monies recovered by the Plaintiff as described in the

Complaint. Because only this Court has the ability to accord complete relief to all parties, it is proper for this Court to determine all issues presented in this Case, even if the Participant's claim to the settlement proceeds identified in the Complaint and UHH's anticipated counterclaims and cross-claims relating to the same proceeds are the only claims that present federal questions. *See* generally 28 U.S.C. § 1441 and F.R.C.P. 19.

Submitted this 14th day of July, 2020.

CHRISTENSEN JAMES & MARTIN

By: */s/ Daryl E. Martin*
Daryl E. Martin, Esq.
Nevada Bar No. 6735
*Attorneys for Defendant*
*Unite Here Health*

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

**CERTIFICATE OF SERVICE**

I am over the age of 18. I am employed by and am readily familiar with the practices of Christensen James & Martin ("Firm"). I certify that on the date of filing of the foregoing papers with the Clerk of Court the Firm caused a true and correct file-stamped copy of the NOTICE OF REMOVAL to be served in the following manner:

☐ ELECTRONIC SERVICE: Pursuant to LR 5-4 of the United States District Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties through the Notice of Electronic Filing automatically generated by the Court, and by direct email generated by my office, sent to __________________.

☒ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to counsel for the Plaintiff:

LAW OFFICES OF STEVEN M BURRIS
2810 W. Charleston Blvd., Suite F-58
Las Vegas, NV 89102

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight deliver via a nationally-recognized courier, addressed to the parties listed on the attached service list at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list and with the set forth facsimile numbers.

CHRISTENSEN JAMES & MARTIN

By: *__/s/ Natalie Saville__*

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 § FAX: (702) 255-0871

# EXHIBIT A

EXHIBIT A

Electronically Filed
6/2/2020 4:46 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**STEVEN M. BURRIS, ESQ.**
Nevada Bar No. 000603
sb@steveburrislaw.com
**LAW OFFICES OF STEVEN M. BURRIS**
2810 W. Charleston Blvd., Suite F-58
Las Vegas, Nevada 89102
(702) 258-6238 - Telephone
(702) 258-8280 - Facsimile

*Attorneys for Plaintiff*

CASE NO: A-20-815949-C
Department 32

Law Offices Of
**STEVEN M. BURRIS**
*A Limited Liability Corporation*
2810 W. Charleston Boulevard
Suite F-58
Las Vegas, Nevada 89102

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| GARY FULLER,<br><br>Plaintiff,<br><br>vs.<br><br>HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, CULINARY HEALTH FUND; DOES I through X, inclusive; and, ROES II through X, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT. NO.: |

**COMPLAINT FOR DECLARATORY RELIEF**

COMES NOW Plaintiff, GARY FULLER, by and through his attorney of record, STEVEN M. BURRIS, ESQ., of the LAW OFFICES OF STEVEN M. BURRIS, and for his causes of action against the Defendants, and each of them, complains and alleges as follows:

1. At all times relevant herein, Plaintiff GARY FULLER ("Plaintiff") was and is a resident of Clark County, Nevada.

2. At all times relevant herein, Defendant HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, CULINARY HEALTH FUND ("Culinary") is and was a foreign labor organization welfare fund engaged in the business of administering healthcare benefit programs, payment recovery and subrogation. At all times alleged herein, Plaintiff received his health benefits through Culinary.

. . .

3. That the true names or capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES I through X inclusive, and ROE CORPORATIONS II through X, inclusive, are unknown to Plaintiff, and who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of the Defendants designated herein as DOE or ROE is legally responsible in some manner for the events and happenings herein referred to and caused damages proximately to Plaintiff as herein alleged, and Plaintiff will seek leave of the court to amend the Complaint to insert the true names and capacities of DOES I through X, inclusive, and ROE CORPORATIONS II through X, inclusive, when the same have been ascertained and to join such Defendants in this action.

4. On November 28, 2015 Plaintiff was admitted to Spring Valley Hospital ("Spring Valley") due to a ruptured appendicitis. Plaintiff underwent an invasive procedure to treat the ruptured appendicitis. Plaintiff developed sepsis from infections related to the appendicitis.

5. On or about December 6, 2015, Plaintiff suffered a pulmonary embolism (PE) while still a patient at Spring Valley. The PE was caused by a deep vein thrombosis ("DVT") that had traveled to Plaintiff's lung. Plaintiff had DVT's in both his arms and his legs.

6. On December 2, 2016 Plaintiff filed a lawsuit for professional negligence against Spring Valley. Plaintiff alleged Spring Valley violated a physician's order by failing to apply intermittent pneumatic compression devices to Plaintiff's legs which allowed a DVT in Plaintiff's leg to develop. Plaintiff further alleged that the failure to put the devices on the legs led to a 'loss of a chance' to prevent the PE. There was, essentially, a 50 50 chance that the DVT that caused the PE came from his legs (the compression devices would not have worked on his arms); and a roughly 15% chance that compression devices on the legs would prevent the PE from occurring. Under Nevada's "loss of a chance" doctrine, this would mean that the damages proximately related to the PE would be awardable at the rate of 50% of 15% = 7.5%. Culinary has a lien on the recovery for damages proximately caused by the PE. Culinary has asserted a 100% rate for the damages, and, is also claiming damages related to a heart attack, which was caused not by the PE, but by other conditions. They have refused to back off this position, and are threatening to sue the

. . .

Plaintiff. Thus, the need for this Complaint for Declaratory Relief to decide the actual value of their subrogation interest in the settlement.

7. During the lawsuit, there was no evidence or expert opinions claiming that the medical expenses incurred to treat the ruptured appendicitis, sepsis and myocardial infarction were related, directly or indirectly, to the PE. Thus, the total medical expenses Plaintiff could recover based on his claim for professional negligence was limited to 33% of the amount of medical expenses incurred to treat Plaintiff's PE.

8. After extensive litigation and discovery, the parties agreed to a mediation. The mediation resulted in a settlement. Per the evidence and earlier Court rulings, the settlement was reflected the discounts needed under the "loss of chance" formula mandated by Nevada law.

9. Plaintiff notified Culinary of the settlement. Culinary asserted a subrogation lien on the settlement in the amount of $113,736.73. Culinary's subrogation lien seeks reimbursement of all the total medical expenses incurred by Plaintiff even though the vast majority of Plaintiff's medical expenses were unrelated to the injury alleged as the cause of Plaintiff's damages in the professional negligence lawsuit, and fails to take into account the 'loss of a chance' doctrine.

10. Plaintiff has made good faith attempts to resolve this matter but Culinary refuses to accept anything less than the recovery of all of Plaintiff's medical expenses incurred during his admit to Spring Valley which, essentially, were incurred for the treatment of unrelated medical conditions. Plaintiff's counsel is unable to distribute any settlement proceeds to Plaintiff until the Culinary lien is resolved.

11. There are no legal remedies which will suffice in this case; an equitable remedy is required; this matter is ripe, justiciable and ready for review by a judge to issue a declaration as to how much, if anything, is owed to Culinary to satisfy its lien.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint for Declaratory Relief at the time of trial to include all damages and remedies not yet ascertained, asks for the following relief or alternative relief:

. . .

. . .

1. A declaration that Culinary's lien is limited to a 33% recovery of only those amounts paid to Spring Valley by Culinary that were directly related to the treatment of Plaintiff's PE;
2. All attorney's fees and costs incurred in the preparation, filing and litigation of this action; and,
3. For such other and further relief as this Court deems just and proper.

DATED this 2nd day of June, 2020.

LAW OFFICES OF STEVEN M. BURRIS

*/s/ Steven M. Burris*

By: ______________________________

Steven M. Burris, Esq.
Nevada Bar No. 000603
sb@steveburrislaw.com
2810 W. Charleston Blvd., Suite F58
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

Electronically Filed
7/13/2020 9:58 AM
Steven D. Grierson
CLERK OF THE COURT

**SUMM**
**STEVEN M. BURRIS, ESQ.**
Nevada Bar No. 000603
sb@steveburrislaw.com
**LAW OFFICES OF STEVEN M. BURRIS**
2810 W. Charleston Boulevard, Suite F-58
Las Vegas, Nevada 89102
(702) 258-6238 - Telephone
(702) 258-8280 - Facsimile

*Attorneys for Plaintiff*

*Law Offices Of*
**STEVEN M. BURRIS**
*A Limited Liability Corporation*
2810 W. Charleston Boulevard
Suite F-58
Las Vegas, Nevada 89102

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

GARY FULLER,

Plaintiff,

vs.

HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, CULINARY HEALTH FUND; DOES I through X, inclusive; and, ROES II through X, inclusive,

Defendants.

CASE NO.: A-20-815949-C
DEPT. NO.: XXXII

**SUMMONS - CIVIL**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief as set forth in the Complaint.

**HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, CULINARY HEALTH FUND**

1. If you intend to defend this lawsuit, within 21 days after this Summons is served on you, exclusive of the day of service, you must do the following:

   (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

(b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

*/s/ Steven M. Burris*

STEVEN M. BURRIS, ESQ.
Nevada Bar No. 000603
sb@steveburrislaw.com
LAW OFFICES OF STEVEN M. BURRIS
2810 W. Charleston Boulevard, Suite F-58
Las Vegas, Nevada 89102
*Attorneys for Plaintiff*

**STEVEN D. GRIERSON**
**CLERK OF THE COURT**

By: Patricia Azucena

**DEPUTY CLERK** Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

6/3/2020

Patricia Azucena-Preza

**NOTE: When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedure, Rule 4(b)**

# PROOF OF SERVICE

Job # 9649

**Case Info:**

**Plaintiff:**
GARY FULLER,
-versus-
**Defendant:**
HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, CULINARY HEALTH FUND; DOES I through X, inclusive; and, ROES II through X, inclusive,

District Court
Court Division: Dept. No.: XXXII
County of Clark, Nevada

Issuance Date: 6/4/2020 Court Case # **A-20-815949**

**Service Info:**

**Date Received: 6/4/2020** at **10:55 AM**
**Service:** I Served **HOTEL EMPLOYEES AND RESTAURANT EMPLOYEES INTERNATIONAL UNION WELFARE FUND, CULINARY HEALTH FUND**
With: **SUMMONS; COMPLAINT FOR DECLARATORY RELIEF; ERRATA TO COMPLAINT FOR DECLARATORY RELIEF; INITIAL APPEARANCE FEE DISCLOSURE**
by leaving with **Kim Ungar, OFFICE MANAGER**

**At Business REGISTERED AGENT - KATHY SILVER, 1901 LAS VEGAS BLVD. SOUTH, SUITE 107, LAS VEGAS, NV 89104**

Latitude: **36.149109**
Longitude: **-115.153254**

On **7/6/2020** at **01:04 PM**
**Manner of Service: CORPORATE**
Corporate Service was performed by delivering a true copy to designated person to accept.

**Served Description: (Approx)**

Age: **52**, Sex: **Female**, Race: **White-Caucasian**, Height: **5' 5"**, Weight: **170**, Hair: **Brown** Glasses: **No**

I **Andraya V. Rojas** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein this process was served and I have no interest in the above action. I declare under penalty of perjury that the foregoing is true and correct.

Signature of Server: ______ 7-6-2020

**Andraya V. Rojas**
Lic # **R-2020-02969**
**LV Process and Investigations, LLC**
License #2039
10829 Whipple Crest Ave.
Las Vegas, NV 89166
Phone: (702) 592-3283

Our Job # **9649**